UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN LOPEZ, Individually and on behalf of all other persons similarly situated,<br><br>          Plaintiff,<br><br>    v.<br><br>CENTURY MANAGEMENT SERVICES INC.,<br><br>          Defendant. | ECF CASE<br><br>No.:_____<br><br><u>COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.      Plaintiff Martin Lopez worked for Defendant Century Management Services Inc. as a porter.

2.      On his behalf and other similarly situated current and former employees of Century Management and those who elect to opt into this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff Lopez asserts one claim under the FLSA against Century Management: willful failure to pay overtime premium pay.

3.      On his behalf and other similarly situated current and former employees of Century Management, Plaintiff Lopez asserts three claims under the New York Labor Law against Century Management: untimely payment of wages under N.Y. Lab. Law § 191(1)(a); failure to provide the required Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1; and willful failure to pay overtime.

## JURISDICTION AND VENUE

4.      This Court also has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Lopez's

state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Lopez's FLSA claims under 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendant resides in this District.

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Lopez was, at all relevant times, an adult individual, residing in Jamaica, New York, County of Queens.

8. Upon information and belief, Century Management is a corporation, organized and existing under the laws of the State of New York, which is licensed to do business in the State of New York and has its headquarters at 440 Ninth Avenue, Suite 1500, New York, New York 10001.

9. Century Management, either directly or indirectly, has hired and fired Plaintiff Lopez and other employees, supervised and controlled their work schedule and conditions of employment, determined the rate and method of their payment, and kept at least some records regarding their employment.

## STATEMENT OF FACTS

Background[1]

10. Century Management describes itself as New York's leading full service property management company specializing in rental, co-op and condo management. These services include providing on-site porters, doormen and similar positions.

---

[1] Headers are for organizational purposes only.

11. Century Management provides property service management to buildings throughout New York City, including buildings located at 160 E. 22nd Street, New York, New York, 205 Water Street, New York, New York, 224 Mulberry Street, New York, New York, 303 E. 33rd Street, New York, New York, 440 East 79th Street, New York, New York, 470 West End, New York, New York, 47 Bridge Street, Brooklyn, New York and 153 East 87th Street, New York, New York.

12. From September 2018 to October 2019, Century Management employed Plaintiff Lopez as a porter at two of its locations: 47 Bridge Street, Brooklyn, New York and 153 East 87th Street, New York, New York.

13. Plaintiff Lopez's duties, as a porter, included separating recycles from the trash, preparing the garbage compactor, vacuuming floors, mopping floors, collecting garbage around the building, checking floors for damage, cleaning the bathroom, mopping the lobby and putting out matts for inclement weather.

14. Plaintiff Lopez spent more than 25% of his time performing physical labor.

Compensation Policies

15. Century Management paid Plaintiff Lopez an hourly rate.

16. Century Management paid Plaintiff Lopez $17.50 per hour.

17. Century Management paid Plaintiff Lopez every 15 days, not every week.

18. Plaintiff Lopez regularly worked more than 40 hours in a week.

19. Plaintiff Lopez, for example, worked more than 40 hours during one of the weeks between March 1, 2019 and March 15, 2019, during one of the weeks between

July 16, 2019 and July 31, 2019 and during one of the weeks between April 1, 2019 and April 15, 2019.

20. Despite working more than 40 hours in a week, including the examples listed above, Century Management paid him $17.50 for all hours worked.

21. Century Management did not pay him overtime premium pay for every week he worked more than 40 hours.

Labor Law Notice Violation

22. Century Management never provided him with the required Notice and Acknowledgement of Pay Rate and Payday.

Widespread Violations

23. From working at various locations for Century Management and being subject to the same policies, Plaintiff Lopez knows that, upon information and belief, Century Management adheres to same policies and practices regardless of location.

24. It is Century Management' uniform policy to pay the porters every 15 days, to not pay overtime pay and not to provide them with the Notice and Acknowledgement of Pay Rate and Payday.

25. A heavy turnover rate exists with the porters: many voluntarily terminate their employment with Century Management or Century Management terminates their employment.

26. Century Management is, upon information and belief, preventing Plaintiff Lopez from obtaining subsequent employment.

## CLASS ALLEGATIONS

27. Plaintiff Lopez asserts these allegations on his own and on behalf of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

28. Plaintiff Lopez brings his Labor Law claims on behalf of all persons whom Century Management is employing and has employed as "porters," or in similar positions, in the State of New York between March 13, 2014 and the entry of judgment in this case (the "Class Period") (the "Class Members").

29. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown and the facts upon which calculating that number are within Century Management's sole control, upon information and belief, approximately 200 Class Members exist during the Class Period.

30. Plaintiff Lopez brings his N.Y. Lab. Law § 195.1 claim on behalf of all persons whom Century Management has hired during the Class Period who did not receive the required Notice and Acknowledgment of Pay rate and Payday under Labor Law § 195.1(a) within 10 business days of the first date of their employment (the "Sub-Class Members").

31. The Sub-Class Members identified above are so numerous that joinder of them is impracticable. Although the precise number of such persons is unknown and the facts upon which calculating that number are within Century Management's sole control, upon information and belief, approximately 200 Sub-Class Members exist during the Class Period.

32. Plaintiff Lopez's claims are typical of the Class Members' and Sub-Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

33. Century Management has acted or refused to act on grounds generally applicable to the Class and Sub-Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief.

34. Plaintiff Lopez is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

35. Plaintiff Lopez has the same interest in this matter as all other Class Members and Sub-Class Members and his claims are typical of theirs.

36. Common questions of law and fact exist as to the Class and Sub-Class Members that predominate over any questions solely affecting the individual Class and Sub-Class Members, including but not limited to:

    a. whether Century Management employed Plaintiff Lopez and the Class Members within the meaning of the Labor Law;

    b. whether the Class Members are manual laborers and non-exempt within the meaning of the Labor Law;

    c. whether Century Management violated the Labor Law by paying the Class Members every 15 days;

    d. whether Century Management violated the Labor Law by failing to pay the Class Members overtime premium pay;

   e. whether Century Management violated the Labor Law by failing to provide the Sub-Class Members with the required N.Y. Lab. Law § 195.1 Notice within 10 business days of their hiring;

   f. whether Century Management is liable for all claimed damages, including liquidated damages, statutory penalties, interest and attorneys' fees and expenses; and

   g. whether Century Management should be enjoined from such violations of the Labor Law in the future.

COLLECTIVE ACTION ALLEGATIONS

  37. Under 29 U.S.C. § 206, Plaintiff Lopez seeks to assert these allegations and claims as a collective action on behalf of the following individuals:

> All persons whom Century Management employs and has employed as "porters," or in similar positions, at any time since March 13, 2017 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA (the "Collective Action Members").

  38. Plaintiff Lopez and the Collective Action Members are similarly situated on several legal and factual issues, including:

   a. Century Management employing them within the meaning of the FLSA;

   b. Collective Action Members performing similar duties;

   c. Collective Action Members being non-exempt;

   d. Century Management failing to keep true and accurate time records for all hours Plaintiff Lopez and the Collective Action Members worked;

   e. Century Management willfully or recklessly violated the FLSA;

  g. Century Management failed to pay the Collective Action Members overtime compensation for hours worked in excess of 40 hours per workweek, violating the FLSA and the regulations promulgated thereunder; and

  h. Equitably tolling the statute of limitations due to Century Management's statutory violations.

FIRST CAUSE OF ACTION
NEW YORK LABOR LAW – UNTIMELY PAID WAGES
(Brought on Behalf of Plaintiff Lopez and the Class Members)

  39. Plaintiff Lopez repeats every allegation of the preceding paragraphs as if fully set forth herein.

  40. Century Management is an employer within the meaning of N.Y. Lab. Law §§ 190, 651(5) and supporting New York Statement Department of Labor Regulations and employed Plaintiff Lopez and the Class Members.

  41. Plaintiff Lopez and the Class Members are "manual workers" within the meaning of N.Y. Lab. Law § 190(4).

  42. As manual workers, Century Management was required to pay Plaintiff Lopez and the Class Members "not later than seven days after the end of the week in which the wages are earned." N.Y. Lab. Law § 191(1)(a)(i).

  43. Century Management paid Plaintiff Lopez and the Class Members every 15 days, violating N.Y. Lab. Law § 191(1)(a)(i).

  44. For violating N.Y. Lab. Law § 191(1)(a)(i), Century Management is liable to Plaintiff Lopez and the Class Members for liquidated damages, interest and attorneys' fees and expenses. N.Y. Lab. Law § 198(1-a); *Vega v. CM Assoc. Constr. Mgt., LLC*, 175 A.D. 3d 1144 (1st Dep't 2019).

## SECOND CAUSE OF ACTION
### NEW YORK LABOR LAW – FAILURE TO PROVIDE 195.1 NOTICE
(On Behalf of Plaintiff Lopez and the Sub-Class Members)

45. Plaintiff Lopez repeats every allegation of the preceding paragraphs as if fully set forth herein.

46. Century Management has willfully failed to supply Plaintiff Lopez and the Rule 23 Sub-Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within ten business days of their first employment date.

47. Due to Century Management's violations of Labor Law § 195.1 from March 13, 2014 to February 26, 2015, Plaintiff Lopez and the Rule 23 Sub-Class Members are entitled to recover from Century Management $50.00 for each work <u>week</u> that the violations occurred or continue to occur, or a total of $2,500.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2014).

48. Due to Century Management's violations of Labor Law § 195.1 on or after February 27, 2015, Plaintiff Lopez and the Rule 23 Sub-Class Members are entitled to recover from Century Management $50.00 for each work <u>day</u> that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

## THIRD CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER THE LABOR LAW
(On Behalf of Plaintiff Lopez and the Class Members)

49. Plaintiff Lopez repeats every allegation of the preceding paragraphs as if fully set forth herein.

50. Century Management is an "employer" within the meaning of NYLL §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff Lopez and the Class Members.

51. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Century Management and protect Plaintiff Lopez and the Class Members.

52. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Century Management was required to pay Plaintiff Lopez and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

53. Century Management failed to pay the Class Members the overtime wages to which they were entitled, violating N.Y. LAB LAW § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

54. Century Management willfully violated the Labor Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

55. Due to Century Management's Labor Law violations, Plaintiff Lopez and the Class Members are entitled to recover from Century Management their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER THE FLSA
(On Behalf of Plaintiff Lopez and the Collective Action Members)

56. Plaintiff Lopez repeats every allegation of the preceding paragraphs as if fully set forth herein.

57. With this Complaint, Plaintiff Lopez consents to be a party to this action under 29 U.S.C. § 216(b).

58. Century Management employed and continues to employ Plaintiff Lopez and the Collective Action Members within the meaning of the FLSA

59. Century Management has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

60. Century Management was required to pay Plaintiff Lopez and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

61. At all relevant times, Century Management had a policy and practice of refusing to pay overtime compensation to their employees for their hours worked in excess of 40 hours per workweek.

62. Century Management was aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

63. Century Management has not made a good faith effort to comply with the FLSA with respect to Plaintiff Lopez and the Collective Action Members' compensation.

64. Century Management has failed to make, keep and preserve records with respect to its employees sufficient to determine the wages, hours and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Lopez, on his behalf and the Class Members, Sub-Class Members and Collective Action Members, respectfully requests this Court grant the following relief:

a. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class and Sub-Class Members and appointing Plaintiff Lopez and his counsel to represent the Class and Sub-Class Members;

b. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Lopez and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the Labor Law and FLSA;

d. An injunction against Century Management and its officers, agents, successors, employees, representatives and any and all persons acting in concert

with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   e. An award for unpaid overtime premium pay under the Labor Law and the FLSA;

   f. An award of liquidated damages;

   g. An award of statutory penalties;

   h. An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

   i. An award of prejudgment and post-judgment interest;

   j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

   k. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Lopez demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
March 13, 2020

                                  LIPSKY LOWE LLP

                                  s/ Douglas Lipsky
                                  Douglas Lipsky
                                  Sara Isaacson
                                  420 Lexington Avenue, Suite 1830
                                  New York, New York 10017-6705
                                  212.392.4772
                                  212.444.1030
                                  doug@lipskylowe.com
                                  sara@lipskylowe.com
                                  *Attorneys for Plaintiff Lopez*